IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DONNA MARIE MONTOYA,

        Plaintiff,

vs.                                                                                          1:23-cv-00036-LF

MARTIN O'MALLEY,[1]
Commissioner of the Social Security Administration,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on plaintiff Donna Marie Montoya's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum, filed on June 26, 2023. Doc. 17.  Ms. Montoya's motion was fully briefed on October 10, 2023.  *See* Docs. 23, 24, 25. The parties consented to my entering final judgment in this case.  Docs. 4, 7, 8.  Having meticulously reviewed the entire record and being fully advised in the premises, I find that the Administrative Law Judge ("ALJ") failed to apply the correct legal standards in assessing Ms. Montoya's mental impairments.  I therefore GRANT Ms. Montoya's motion and REMAND this case to the Commissioner for further proceedings.

  **I.**    **Standard of Review**

The standard of review in a Social Security appeal is whether the Commissioner's final decision[2] is supported by substantial evidence and whether the correct legal standards were

---

[1] Martin O'Malley was confirmed as the Commissioner of Social Security on December 18, 2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin O'Malley is automatically substituted for Acting Commissioner Kilolo Kijakazi as the defendant in this case.

[2] The Court's review is limited to the Commissioner's final decision, 42 U.S.C. § 405(g), which generally is the ALJ's decision, 20 C.F.R. § 404.981, as it is in this case.

applied.  *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008).  If substantial evidence supports

the Commissioner's findings and the correct legal standards were applied, the Commissioner's

decision stands, and the plaintiff is not entitled to relief.  *Langley v. Barnhart*, 373 F.3d 1116,

1118 (10th Cir. 2004).  "The failure to apply the correct legal standard or to provide this court

with a sufficient basis to determine that appropriate legal principles have been followed is

grounds for reversal."  *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal

quotation marks and brackets omitted).

     "Substantial evidence is such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion."  *Langley*, 373 F.3d at 1118.  A decision "is not based on

substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere

scintilla of evidence supporting it."  *Id.*  While the Court may not reweigh the evidence or try the

issues de novo, its examination of the record as a whole must include "anything that may

undercut or detract from the ALJ's findings in order to determine if the substantiality test has

been met."  *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005).  "'The possibility of

drawing two inconsistent conclusions from the evidence does not prevent [the] findings from

being supported by substantial evidence.'"  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007)

(quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

**II.**    **Applicable Law and Sequential Evaluation Process**

     To qualify for disability benefits, a claimant must establish that he or she is unable "to

engage in any substantial gainful activity by reason of any medically determinable physical or

mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A);

20 C.F.R. § 404.1505(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process.  20 C.F.R. § 404.1520; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  At the first four steps of the evaluation process, the claimant must show:  (1) the claimant is not engaged in "substantial gainful activity"; (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) the impairment(s) either meet or equal one of the Listings[3] of presumptively disabling impairments; *or* (4) the claimant is unable to perform his or her "past relevant work."  20 C.F.R. §§ 404.1520(a)(4)(i–iv); *Grogan*, 399 F.3d at 1260–61.  If the claimant cannot show that his or her impairment meets or equals a Listing but proves that he or she is unable to perform his or her "past relevant work," the burden of proof shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity ("RFC"), age, education, and work experience.  *Id.*

## III.    Background and Procedural History

Ms. Montoya was born in 1963; she graduated from high school and lives in Rio Rancho with her husband.  AR 36, 155.[4]  Ms. Montoya previously worked as a cashier at grocery stores where her duties sometimes included stalking shelves.  AR 36–37, 181, 190, 200, 209, 248.  Ms. Montoya filed an application for Disability Insurance Benefits ("DIB") on July 16, 2020, alleging disability since January 1, 2020,[5] due to anxiety, depression, PTSD, and arthritis.  AR

---

[3] 20 C.F.R. pt. 404, subpt. P, app. 1.

[4] Documents 11-2 through 11-8 are the sealed Administrative Record ("AR").  When citing to the record, the Court cites to the AR's internal pagination in the lower right-hand corner of each page, rather than to the CM/ECF document number and page.

[5] Ms. Montoya initially alleged an onset date of August 12, 2019.  AR 155–56, 199.  She amended the alleged onset date to January 1, 2020, at the hearing.  AR 48.

155–56, 199.  The Social Security Administration ("SSA") denied her claim initially and on

reconsideration.  AR 58–77, 90–93.  Ms. Montoya requested a hearing before an ALJ.  AR 94–

95.  On May 2, 2022, ALJ Mary Ann Poulose held a hearing.  AR 32–57.  ALJ Poulose issued

her unfavorable decision on June 2, 2022.  AR 12–31.

The ALJ found that Ms. Montoya met the insured status requirements of the Social

Security Act through December 31, 2025.  AR 18.  At step one, the ALJ found that although Ms.

Montoya had worked as a cashier after the alleged onset date, "that activity did not rise to the

level of substantial gainful activity," and she had not otherwise engaged in substantial gainful

activity since January 1, 2020, her alleged onset date.  *Id*.  At step two, the ALJ found that Ms.

Montoya's osteoarthritis of the bilateral knees, chondromalacia of the left patella, adjustment

disorder with mixed anxious and depressive features, and anxiety disorder were severe

impairments.  *Id*.  The ALJ further found that Ms. Montoya's alleged panic disorder and post-

traumatic stress disorder were not medically determinable impairments.  *Id*.

At step three, the ALJ found that none of Ms. Montoya's impairments met a Listing;

therefore, the ALJ assessed Ms. Montoya's RFC.  AR 19.  The ALJ found Ms. Montoya had the

RFC to "perform light work as defined in 20 CFR 404.1567(b) except simple and repetitive, with

only occasional climbing, crouching, and stooping, and no kneeling or crawling."  AR 20–21.

At step four, the ALJ concluded that Ms. Montoya could perform her past relevant work

as a cashier II, and Ms. Montoya therefore was not disabled.  AR 26.  Because the ALJ found

that Ms. Montoya was able to perform her past work, she did not assess whether Ms. Montoya

was able to perform other work that existed in sufficient numbers in the national economy.  AR

26–27.

Ms. Montoya requested that the Appeals Council review the ALJ's unfavorable decision. AR 152–54.  On November 18, 2022, the Appeals Council denied the request for review.  AR 1– 6.  Ms. Montoya timely filed her appeal to this Court on January 13, 2023.  Doc. 1.[6]

## IV.   Ms. Montoya's Claims

Ms. Montoya raises two main arguments and several sub-arguments for reversing and remanding this case.  First, Ms. Montoya contends that the ALJ failed to properly assess her RFC by failing to properly assess all of her physical and mental limitations, failing to include all assessed moderate limitations in the RFC, failing to develop the record, and by making an unsupported determination that Ms. Montoya's symptoms and limitations were not supported by the evidence.  Doc. 17 at 1, 5–13.  Second, Ms. Montoya contends that the ALJ's step four findings were tainted by her flawed RFC assessment and because the ALJ failed to make findings regarding Ms. Montoya's past work.  *Id*. at 2, 13–15.  I find that the ALJ failed to follow the correct legal standards when assessing Ms. Montoya's mental RFC, and I remand to Commissioner for further proceedings on that basis.  I will not address the other issues raised by Ms. Montoya because they may be affected by the Commissioner's treatment of this case on remand.  *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

## V.   Discussion

An "RFC determines a work capability that is exertionally sufficient to allow performance of at least substantially all of the activities of work at a particular level."  SSR 83-10, 1983 WL 31251, at *2 (1983).  The RFC must reflect "the maximum amount of each work-related activity the individual can perform," and the ALJ must describe the "individual's ability

---

[6] A claimant has 60 days to file an appeal.  The 60 days begins running five days after the decision is mailed.  20 C.F.R. § 404.981; *see also* AR 2.

to perform sustained work activities in an ordinary work setting on a regular and continuing

basis." SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996). "The adjudicator must also explain

how any material inconsistencies or ambiguities in the evidence in the case record were

considered and resolved." *Id*.

"The RFC assessment must include a discussion of why reported symptom-related

functional limitations and restrictions can or cannot reasonably be accepted as consistent with the

medical and other evidence." SSR 96-8p, 1996 WL 374184, at *7. In addition, the ALJ is

required to

> explain which of an individual's symptoms [the ALJ] found consistent or
> inconsistent with the evidence in his or her record and how [the ALJ's] evaluation
> of the individual's symptoms led to [the ALJ's] conclusions. [The ALJ] will
> evaluate an individual's symptoms considering all the evidence in his or her
> record.

SSR 16-3p, 2017 WL 5180304, at *8 (Oct. 25, 2017).

> In evaluating an individual's symptoms, it is not sufficient for our adjudicators to
> make a single, conclusory statement that "the individual's statements about his or
> her symptoms have been considered" or that "the statements about the
> individual's symptoms are (or are not) supported or consistent." It is also not
> enough for our adjudicators simply to recite the factors described in the
> regulations for evaluating symptoms. The determination or decision must contain
> specific reasons for the weight given to the individual's symptoms, be consistent
> with and supported by the evidence, and be clearly articulated so the individual
> and any subsequent reviewer can assess how the adjudicator evaluated the
> individual's symptoms.

*Id*. at *10.

When evaluating a claimant's symptoms, the ALJ must use the two-step framework set

forth in 20 C.F.R. § 416.929. First, the ALJ must determine whether objective medical evidence

presents a "medically determinable impairment" that could reasonably be expected to produce

the claimant's alleged symptoms. 20 C.F.R. § 416.929(b). Second, after finding a medically

determinable impairment, the ALJ must assess the intensity and persistence of the alleged

symptoms to determine how they affect the claimant's ability to work and whether the claimant

is disabled.  20 C.F.R. § 416.929(c).  "The RFC assessment must first identify the individual's

functional limitations or restrictions and assess his or her work-related abilities on a function-by-

function basis."  SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996).

Ms. Montoya does not contend that the ALJ failed to complete the first step for

evaluating her mental impairments.  The ALJ found that her "medically determinable

impairments could reasonably be expected to cause the alleged symptoms."  AR 22; 20 C.F.R.

§ 416.929(b).  Ms. Montoya contends that the ALJ failed at the second step by not properly

assessing the intensity and persistence of her mental impairments and by failing to include the

moderate adaptation limitation the ALJ found in section three as a limitation in the RFC.  Doc.

17 at 6–9.  The Commissioner argues that the ALJ was not bound by her step three findings

when fashioning Ms. Montoya's RFC, but that the ALJ nonetheless accommodated Ms.

Montoya's mental limitations by limiting her to "simple and repetitive" work.  Doc. 24 at 14–16.

The Commissioner's argument fails because the ALJ did find a moderate limitation in Ms.

Montoya's ability to adapt or manage herself in assessing the RFC, but the RFC's limitation to

"simple and repetitive" or "unskilled" work does not obviously accommodate Ms. Montoya's

mental impairments.

The ALJ assessed Ms. Montoya with the RFC to "perform light work as defined in 20

CFR 404.1567(b) except simple and repetitive, with only occasional climbing, crouching, and

stooping, and no kneeling or crawling."  AR 20–21.  "Light work" as defined in 20 CFR

§ 404.1567(b)

> involves lifting no more than 20 pounds at a time with frequent lifting or carrying
> of objects weighing up to 10 pounds.  Even though the weight lifted may be very
> little, a job is in this category when it requires a good deal of walking or standing,
> or when it involves sitting most of the time with some pushing and pulling of arm

or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

"Light work" is merely expressing physical exertional limitations and does not include limitations based on mental impairments.  *Id*.  The ALJ did not rely on "light work" to accommodate Ms. Montoya's mental impairments.  Rather, the ALJ stated that "[t]o accommodate [Ms. Montoya's] anxiety manifested by an anxious mood and affect due to worry, the undersigned limits [Ms. Montoya] to simple and repetitive work."  AR 23.  "Limiting [a claimant] to simple, routine tasks and simple, work-related decisions is synonymous with limiting [him or her] to unskilled work."  *See Soderberg v. Kijakazi*, No. 1:20-cv-01256-GBW, 2022 WL 884305, at *4 (D.N.M. Mar. 25, 2022) (unpublished) (such restrictions are "synonymous with limiting [a claimant] to unskilled work") (citing *Vigil v. Colvin*, 805 F.3d 1199, 1204 (10th Cir. 2015); *Jaramillo v. Colvin*, 576 F. App'x 870, 875 (10th Cir. 2014)).

The Commissioner first argues that the "ALJ's finding that [Ms. Montoya] had a moderate limitation in the B criterion of adapting and managing herself did not mandate any specific findings within the RFC assessment."  Doc. 23 at 15.  Although this is true, the ALJ's RFC assessment leads to the conclusion that the ALJ necessarily found at least a moderate limitation in Ms. Montoya's ability to adapt and manage herself.  The ALJ found at step two that Ms. Montoya had severe impairments of "adjustment disorder with mixed anxious and depressive features, and anxiety disorder."  AR 18.  In assessing Ms. Montoya's RFC, the ALJ found that Ms. Montoya's "medically determinable impairments [(including her mental impairments)] could reasonably be expected to cause the alleged symptoms."  AR 22.  Unfortunately, the ALJ did not undertake a thorough function-by-function analysis of how Ms.

Montoya's mental impairment symptoms affected her ability to work.  Nonetheless, the ALJ

indicated that she found Ms. Montoya to be at least moderately limited in her ability to adapt and

manage herself.  The ALJ stated

> The undersigned has fully considered the medical opinions and prior
> administrative medical findings.  In particular, the undersigned considered the
> April 6, 2021 initial determination and the August 4, 2021 reconsideration
> determinations of the State Agency's psychological consultants, stating the
> claimant experiences mild limitation in understanding, remembering, or applying
> information; interacting with others; and adapting and managing [herself]; and
> moderate limitation in concentration, persistence, or maintaining pace; thus
> limiting her to simple work.  Exhibit 2A and Exhibit 4A.  The undersigned finds
> that the determinations stating the claimant experiences mild limitation in
> understanding, remembering, or applying information and in concentrating,
> persisting, or maintaining pace are persuasive because it is consistent and
> supported by the evidence of record for reasons articulated more fully above.  The
> undersigned, however, finds the claimant is less limited in her ability to interact
> with others and *more limited in her ability to adapt and manage than determined
> by the State Agency* for reasons explained more fully above.[7]

AR 25 (emphasis added).  The Court deduces that because the psychological consultants found

that Ms. Montoya had a mild limitation in adapting and managing herself, *see id.*, and because

the ALJ found that Ms. Montoya was more limited in this area than the psychological consultants

found, *see id.*, the ALJ found that Ms. Montoya was at least moderately limited in this area.

The ability to adapt or manage oneself "refers to the abilities to regulate emotions,

control behavior, and maintain well-being in a work setting."  20 C.F.R. pt. 404, subpt. P, app. 1,

Listing 12.00(E)(4).  Examples of such abilities include "[r]esponding to demands; adapting to

changes; managing your psychologically based symptoms; distinguishing between acceptable

and unacceptable work performance; setting realistic goals; making plans for yourself

independently of others; maintaining personal hygiene and attire appropriate to a work setting;

and being aware of normal hazards and taking appropriate precautions."  *Id*.  A "moderate

---

[7] It is not clear what explanation the ALJ is referring to here.

limitation" in this area means that an individual's "functioning in this area independently, appropriately, effectively, and on a sustained basis is fair." 20 C.F.R. pt. 404, subpt. P, app. 1, Listing 12.00(F)(2)(c). A moderate impairment "is not the same as no impairment at all," *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007), and a moderate limitation in the ability to adapt or manage oneself "supports the conclusion that the individual's capacity to perform the activity is impaired." *Warren v. Colvin*, 170 F. Supp. 3d 1360, 1364 (D. Colo. 2016) (quoting Program Operations Manual System ("POMS") DI § 24510.063(B)(2)). Moderate limitations "must be accounted for in an RFC finding." *Jaramillo v. Colvin*, 576 F. App'x 870, 876 (10th Cir. 2014).

The Commissioner argues that the ALJ adequately accounted for Ms. Montoya's limitations in the ability to adapt or manage herself by limiting her to "simple and repetitive" work. Doc. 23 at 15–16. Both the ALJ and the psychological consultants attributed all Ms. Montoya's mental limitations to her severe anxiety. *See* AR 25, 61, 65, 70–71, 74–75. Moreover, the ALJ specifically stated that "[t]o accommodate [Ms. Montoya's] anxiety manifested by an anxious mood and affect due to worry, the undersigned limits [Ms. Montoya] to simple and repetitive work." AR 23. The problem, however, is that it is not obvious that a limitation to unskilled work accommodates a limitation in the ability to adapt or manage oneself, and the ALJ did not explain how a limitation to unskilled work would accommodate any of Ms. Montoya's symptoms resulting from anxiety.[8]

The Tenth Circuit has held that some moderate limitations *may* be accounted for in an RFC that restricts a claimant to performing simple tasks or unskilled work. *See Vigil v. Colvin*, 805 F.3d 1199, 1203–04 (10th Cir. 2015); *Lee v. Colvin*, 631 F. App'x 538, 541−42 (10th Cir.

---

[8] The Court notes that much of the problem here stems from the ALJ's failure to do a function-by-function analysis of how Ms. Montoya's anxiety affects her ability to work. On remand, the ALJ should conduct a proper function-by-function analysis.

2015).  But this is not always the case.  "A limitation to 'simple work' or 'unskilled jobs' is

generally insufficient to address a claimant's mental impairments."  *Groberg v. Astrue*, 505 F.

App'x 763, 770 (10th Cir. 2012) (unpublished) (citing *Chapo v. Astrue*, 682 F.3d 1285, 1290 n.3

(10th Cir.2012) (collecting cases) (a restriction to "simple work" is a vague catch-all term which

is insufficient to adequately account for mental limitations)).  Moreover, if the connection

between the mental limitation and the limitation to unskilled work is not obvious, the ALJ must

explain how a work-related limitation accounts for the mental limitation.  *Parker v.*

*Commissioner, SSA*, 772 F. App'x 613, 616 (10th Cir. 2019).

The Commissioner cites *Smith v. Colvin*, 821 F.3d 1264 (10th Cir. 2016) (citing *Vigil*,

805 F.3d at 1204), for the proposition that an ALJ "can account for moderate limitations by

limiting the claimant to particular kinds of work activity."  Doc. 23 at 15.[9]  The courts in *Smith*

and *Vigil* did not address a moderate limitation in a claimant's ability to "manage oneself" or

deal with anxiety.  In those cases, the Tenth Circuit addressed moderate limitations in the ability

to maintain attention and concentration for an extended period; to accept instructions and

respond appropriately to supervisors' criticism; and to get along with coworkers or peers, *Smith*

821 F. 3d at 1269, and a moderate limitation in concentration, persistence, and pace, *Vigil*, 805

F.3d at 1203–4.  In those cases, unlike here, the connection between the mental limitations and

the restriction to certain types of work was more obvious.  Here, the Court simply cannot discern

the connection.  Other district courts within this Circuit similarly have concluded that a

limitation to simple or unskilled work fails to adequately account for moderate limitations in

one's ability to adapt or manage oneself.  *See, e.g.*, *Garcia v. Saul*, 509 F. Supp. 3d 1306, 1317

---

[9] The Commissioner also cites *Evans-Guillen v. Berryhill*, No. 16-cv-00327-GJF, 2017 WL
1491894, at *8 (D.N.M. Apr. 12, 2017), which is distinguishable for the same reason *Smith* is
distinguishable.

(D.N.M. 2020) (ALJ did not explain "how Plaintiff's ability to perform unskilled or simple, routine work was unaffected by his moderate limitation in adaptive functioning"); *Warren*, 170 F. Supp. 3d at 1364 ("a limitation to 'unskilled' or 'simple' work (or even 'unskilled, simple' work) is insufficient to account adequately for deficits in the mental abilities required to engage in competitive employment"); *Fatheree v. Saul*, No. 1:19-cv-00704-JFR, 2020 WL 3448082, at *9–11 (D.N.M. June 24, 2020) (unpublished) (limitation to unskilled work did not account for plaintiff's multiple moderate mental limitations, including adaptation limitations); *Spencer v. Kijakazi*, No. 20-cv-00786-NYW, 2021 WL 4133920, at *5–8 (D. Colo. Sept. 10, 2021) (unpublished) (limitation to simple and detailed work did not account for plaintiff's moderate limitation in the ability to adapt or manage himself). Because a limitation to simple and repetitive work does not obviously accommodate Ms. Montoya's moderate limitation in her ability to adapt or manage herself, remand is required.

## VI.    Conclusion

I find that the ALJ failed to follow the correct legal standards and thus did not adequately account for Ms. Montoya's mental limitations in the RFC. I therefore remand this case to the Commissioner for further proceedings. I will not address the other issues raised by Ms. Montoya because they may be affected by the Commissioner's treatment of this case on remand. *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

_____
Laura Fashing
United States Magistrate Judge
Presiding by Consent

12